IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

PERNELL STROMAN,

   Petitioner,

v.              C.A. No. 23-1472-GBW

U.S. TREASURY, BRIAN EMIG, Warden,
and ATTORNEY GENERAL OF THE
STATE OF DELAWARE,

   Respondents.[1]

## MEMORANDUM

### I. INTRODUCTION

On October 16, 2023, Petitioner entered a guilty plea to third degree assault for an assault he committed while confined in a detention facility. (*See* D.I. 3 at 1; D.I. 3-1 at 8-9) He was sentenced to one year of Level III probation. (D.I. 3 at 1) Petitioner filed a form application for habeas relief ("Petition") that appears to challenge his October 16, 2023 guilty plea, which asserts the following four claims

---

[1] The Court has substituted Warden Brian Emig for former Warden Robert May, an original party to this case. *See* Fed. R. Civ. P. 25(d).

for relief: (1) "8 U.S.C. § 1401, 8 U.S.C. § 1101(a)(21): Equity aids the vigilant not those who slumber on their rights" (D.I. 3 at 5); (2) "28 U.S.C. § 1603(b)(3), 28 U.S.C. §1332(c) and (d): When there is a conflict between the rules of law and the rules of equity, the rules of equity shall prevail" (D.I. 3 at 7); (3) "FRCP 41 Search and Seizure: Due to error, mistake, or accident, my mother and father may have unknowingly sacrificed my birthright rights while I was an infant child and now I'm of the age of majority requesting this to be corrected and the estate to provide for my life maintenance and support" (D.I. 3 at 8); and (4) "28 U.S.C. § 1346: I am demanding a full accounting and extinguishment" (D.I. 3 at 10). Petitioner asks the Court to grant the following relief: "discharge, vacate sentence, and any other relief I'm entitled to." (D.I. 3 at 15)

## II.  STANDARD OF REVIEW

A district court may entertain a petition for a writ of habeas corpus on behalf of someone in custody pursuant to the judgment of a state court only on the ground that his custody violates the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Rule 2(c) of the Rules Governing Section 2254 Cases provides that the petition must "specify all the gourds for relief" and "state the facts supporting each ground." Rule 2(c)(1), (2), 28 U.S.C. foll. § 2254. A district court has the authority to

2

summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254; *see McFarland v. Scott*, 512 U.S. 849, 856 (1994).

## III. DISCUSSION

Petitioner is a frequent filer in this Court with a history of presenting incomprehensible arguments.[2] This case is no different. Petitioner's arguments are presented with such a lack of specificity and clarity that the Petition is legally insufficient on its face. Even if the Court were to liberally construe Petitioner's arguments as asserting the following two general grounds for relief, those two grounds fail to assert issues cognizable on federal habeas review: (1) the Delaware state courts lacked jurisdiction to convict Petitioner of third degree assault because he is a not a citizen of the United States (Claims One, Two, and Three); and (2) an estate and/or trust created by Petitioner's parents must be terminated and he is due a full accounting (Claims Three and Four). *See Estelle*, 502 U.S. at 67-8 ("We

---

[2]Petitioner previously and unsuccessfully argued that he is immune from the laws of the United States because he is a Moorish citizen. (*See* D.I. 5 in *Stroman-Bey v. State*, C.A. No. 16-605-SLR; D.I. 10 in *Stroman v. May*, C.A. No. 22-1541-GBW) Petitioner also unsuccessfully attempted to raise issues concerning a trust and/or estate in at least three other habeas proceedings. (*See* D.I. 10 & D.I. 11 in *Stroman*, C.A. No. 22-1541-GBW; D.I. 3 & D.I. 4 in *Stroman v. May*, C.A. No. 23-589-GBW; D.I. 17 in *Stroman v. Emig*, C.A. No. 23-733-GBW).

3

have stated many times that federal habeas corpus relief does not lie for errors of state law."); *Johnson v. Rosemeyer*, 117 F.3d 104, 109 (3d Cir. 1997) (explaining federal courts "have no supervisory authority over state judicial proceedings" and can only intervene to address constitutional violations). Accordingly, the Court will summarily dismiss the Petition. (D.I. 3)

## IV. CONCLUSION

For the reasons set forth above, the Court will summarily dismiss Petitioner's § 2254 Petition and dismiss as moot his Motion for Leave to Proceed *In Forma Pauperis*. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order follows.

Dated: April 25, 2024

                                                  GREGORY B. WILLIAMS
                                                  UNITED STATES DISTRICT JUDGE